Green, J.
delivered the opinion of the court.
In this case the first question is, whether the mortgage was properly rejected by the court. It was executed in October, 1831; the writ in this cause issued 13th April, 1832, and the mortgage was acknowledged in court at the July term, 1832, and registered 24th August, 1832.
By the third section of the act of 1806, ch. 49, it is provided, that when the execution of any deed of conveyance is established by the acknowledgement of the party executing the same, it shall take effect only from the date of such acknowledgement. There is no reason why this act should not he held to apply to deeds for personal as well as real property. It was made to guard against frauds which might be committed in ante-dating deeds, with a view to give them effect before the time of their actual execution. This reason for the law applies as well to deeds for personal as for real estate. The circuit court was therefore right in rejecting this deed as a registered paper, because it was acknowledged after the institution of this suit, and took effect only from that time. But we are of opinion, that as its execution at the time it hears date was admitted at the trial by the defendant, and proof of its delivery and of the delivery of the property conveyed by it was offered, the court ought to have heard the proof and have permitted the deed so proved to be read to the jury. It was surely good, as between the par *324 ties, without registration. It might be proved then on the trial according to the course of the common law. The production of the witnesses to the deed was unnecessary when the defendant admitted its execution. The proof which was offered of the delivery of the property of the plaintiff was competent, independently of any question about the admissibility of the deed.
The court below therefore] erred in the rejection of the deed, its execution having been admitted, and proof of its delivery being offered; and also in rejecting proof of the delivery of the property to the plaintiff: for which errors the judgment must be reversed and the cause re-’ manded for another trial.
Judgment reversed.